**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW P. GLUSHKO, | : | CIVIL ACTION NO. 3:CV-14-2469 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| PA BD. OF PROBATION AND PAROLE, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner, Andrew P. Glushko, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He attacks a conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1).  Although the respondent filed a response to the petition, this Court finds that the statute of limitations bars consideration of the petition.  Because the district court raises, *sua sponte,* the statute of limitations bar, Petitioner will be granted an opportunity to argue in favor of the timeliness of his petition.

**I.     Background**

The following background has been extracted from the Pennsylvania Superior Court's April 28, 2014 Opinion, affirming the dismissal of Petitioner's

first Post Conviction Relief Act ("PCRA") petition. (Doc. 7-9, Opinion dated April 28, 2014).

> On July 15, 2009, a jury found appellant guilty of multiple counts of unlawful contact with a minor, criminal attempt and criminal solicitation counts related to various sexual offenses, corruption of minors, and criminal use of a communication facility.
>
> On March 19, 2012, appellant filed the instant PCRA petition *pro se.* Following a *Grazier* hearing,[1] on May 24, 2012, the PCRA court entered an order permitting appellant to represent himself. On August 3, 2012, an evidentiary hearing was held during which testimony was taken from appellant's trial and direct appeal attorneys. on March 1, 2013, the PCRA court denied the PCRA petition. This timely appeal followed.
>
> Appellant raises the following issues on appeal:
>
> I.   Was the lower court's ruling free from legal error and supported by the record when it denied Glushko's post conviction claim that his appellate counsel was ineffective for failing to raise a claim against the denial of his pre-trial motion for suppression of evidence based on an unlawful vehicle stop?
>
> II.  Was the lower court's ruling free form legal error and supported by the record when it denied Glushko's post conviction claim that his appellate counsel was ineffective for failing to preserve an insufficient evidence claim against all charges?

Id. By Memorandum Opinion dated April 28, 2014, the Superior Court affirmed

---

[1] *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

the PCRA court's dismissal of Glushko's petition. Id. No further appeal or collateral challenges to his conviction or sentence were filed.

On December 29, 2014, Petitioner filed the instant petition for writ of habeas corpus in which he raises various challenges to his conviction and sentence. (Doc. 1, petition). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Glushko that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 4).

On March 6, 2015, upon consideration of Petitioner's failure to return this Court's Notice of Election, this Court issued an Order to show cause, directing a response be filed to the petition. (Doc. 5). On April 2, 2015, Respondents filed a response, arguing that the petition should be dismissed. (Doc. 7).

**Discussion**

3

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> ...
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see generally</u>, <u>Jones v. Morton</u>, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. See <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in

4

original); Fields v. Johnson, 159 F.3d 914, 916 (5ht Cir. 1998)(per curiam); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.") (emphasis added).

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of

5

certiorari in the United States Supreme Court from the denial of his state post-conviction petition.  Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001).  Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court.  Jones, 195 F.3d at 158.

Glushko's judgement of sentence was affirmed on March 14, 2011, and because he did not file a petition for review in the Pennsylvania Supreme Court, the judgement became final at the expiration of the thirty-day period to file the petition for review.  See Pa.R.App.P. 1113(a).  Thus, his judgment of sentence was final on April 13, 2011.  Thus, the clock for filing a § 2254 petition began on April 13, 2011 and he had until April 13, 2012, to file a timely habeas corpus petition.  Burns v. Morton, 134 F.3d 109, 111  (3d Cir. 1998).

Pursuant to 28 U.S.C. § 2244(d)(2), when Glushko filed his  PCRA petition on March 19, 2012, the AEDPA's filing period was statutorily tolled with approximately twenty-five (25) days of the one (1) year filing period remaining.  See Harris, 209 F.3d at 328.  Glushko's PCRA petition was pending until April 28, 2014, when the Superior Court affirmed the dismissal of that petition.  Because Glushko did not seek relief from the Pennsylvania Supreme Court, his judgment of

sentence became final on May 28, 2014, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence, and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired.  See 28 U.S.C. § 2244(d)(1)(A); Pa. R. App. P. 1113; 42 Pa.C.S.A. § 9545(b)(3).  Accordingly, the remaining twenty-five (25) days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on May 28, 2014 and expired on June 23, 2014. The instant petition was not filed until December 29, 2014, seven months after the limitations period expired.  Thus, the petition for habeas corpus relief appears to be barred by the statute of limitations.

The United State Court of Appeals for the Third Circuit has held that a district court has the authority in 2254 proceedings to raise the statute of limitations *sua sponte* after a respondent has filed an answer as long as the petitioner is given notice of the court's intent to deny the petition on limitations grounds and an opportunity to respond to the court's analysis.  See United States v. Bendolph, 409 F.3d 155, 2005 WL 1134860, at *9-10 (3d Cir. 2005)(en banc).  It is also relevant if the petitioner has suffered any prejudice from the court's raising of the issue.  Id.  Thus, the Petitioner will be given an opportunity to show why his petition should not be dismissed as untimely.  An appropriate order is attached.

Dated: February 7, 2017 /s/ William J. Nealon  
**United States District Judge**

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW P. GLUSHKO, | : | CIVIL ACTION NO. 3:CV-14-2469 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| PA BD. OF PROBATION AND PAROLE, et al., | : | |
| Respondents | : | |

# ORDER

**AND NOW, THIS 7th DAY OF FEBRUARY, 2017**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted twenty (20) days from the date of this order to show cause why his petition should not be dismissed as barred by the statute of limitations.

2. Respondent is granted fifteen (15) days from the date of Glushko's response to file a reply.

          /s/ William J. Nealon
**United States District Judge**