UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW P. GLUSHKO, :

    Petitioner :

           CIVIL ACTION NO. 3:14-2469

    v. :

           (Judge Mannion)

PA BD. OF PROBATION :
and PAROLE, et al.,

       :

    Respondent

**MEMORANDUM**

Petitioner, Andrew Glushko, filed the instant petition for writ of habeas corpus pursuant to to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely, pursuant to to 28 U.S.C. §2244(d).

**I.   Background**

The following background has been extracted from the Pennsylvania Superior Court's April 28, 2014 Opinion, affirming the dismissal of Petitioner's first Post Conviction Relief Act ("PCRA") petition. (Doc. 7-9, Opinion dated April 28, 2014).

On July 15, 2009, a jury found appellant guilty of multiple counts of unlawful contact with a minor, criminal attempt and criminal solicitation counts related to various sexual offenses, corruption of minors, and criminal use of a communication facility.

\* \* \*

On October 22, 2009, appellant was sentenced to an aggregate term of 48 to 96 months' imprisonment. On March 14, 2011, this Court affirmed the judgment of sentence. ***Commonwealth v. Glushko***, 26 A.3d 1190 (Pa. Super. 2011)(unpublished memorandum).

On March 19, 2012, appellant filed the instant PCRA petition ***pro se.*** Following a ***Grazier*** hearing,[1] on May 24, 2012, the PCRA court entered an order permitting appellant to represent himself. On August 3, 2012, an evidentiary hearing was held during which testimony was taken from appellant's trial and direct appeal attorneys. On March 1, 2013, the PCRA court denied the PCRA petition. This timely appeal followed.

Appellant raises the following issues on appeal:

I. Was the lower court's ruling free from legal error and supported by the record when it denied Glushko's post conviction claim that his appellate counsel was ineffective for failing to raise a claim against the denial of his pre-trial motion for suppression of evidence based on an unlawful vehicle stop?

II. Was the lower court's ruling free from legal error and supported by the record when it denied Glushko's post conviction claim that his appellate counsel was ineffective for failing to preserve an insufficient evidence claim against all charges?

---

[1] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

Id. By Memorandum Opinion dated April 28, 2014, the Superior Court affirmed the PCRA court's dismissal of Glushko's petition. Id.

On May 28, 2014, Petitioner filed for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 23-1, p. 4, Docket Sheet). Petitioner raised the following issues for review:

1. Was Glushko's appellate counsel ineffective for failing to raise an unlawful vehicle stop claim?

2. Was Glushko's appellate counsel ineffective for failing to preserve an insufficient evidence claim against all charges?

(Doc. 23-4 at p. 7-10).

On November 19, 2014, the Pennsylvania Supreme Court denied Glushko's petition for allowance of appeal. (Doc. 23-6).

On December 29, 2014, Petitioner filed the instant petition for writ of habeas corpus in which he raises the following grounds for relief:

1. Appellate counsel was ineffective for failing to advance an unlawful vehicle stop claim.

2. Appellate counsel was ineffective for failing to advance an insufficient evidence claim.

3. The cumulative effect of trial counsel's errors in failing to object to inadmissible evidence, failing to set forth a significant and compelling defense closing, and failing to object to the improper closing of the prosecution, combined with the failure of the defendant, himself, to

3

> bring forth character witnesses and his failure to take the stand to give testimony in his defense, had resulted in the convictions of one who was innocent of all crimes charged.

(Doc. 1, petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Glushko that he could either have the petition ruled on as filed, that is, as a §2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive §2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 4).

On March 6, 2015, upon consideration of Petitioner's failure to return this Court's Notice of Election, this Court issued an Order to show cause, directing a response be filed to the petition. (Doc. 5). On April 2, 2015, Respondents filed a response, arguing that the petition should be dismissed. (Doc. 7). A traverse was filed on June 4, 2015. (Doc. 19).

Although the respondents filed a response to the petition arguing that the petition should be dismissed for, inter alia, Petitioner's failure to exhaust state court remedies, this Court found that the statute of limitations bars

4

consideration of the petition, and because the district court raised, *sua sponte,* the statute of limitations bar, Petitioner was granted an opportunity to argue in favor of the timeliness of his petition. (See Doc. 16).

By Order dated June 26, 2017, this Court granted Petitioner's motion for further production of the record, in particular, the pertinent state court record pertaining to the timeliness of the instant petition. (Doc. 22). Based on the parties' submissions, the Court finds Glushko's petition untimely.

## II. Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5

28 U.S.C. §2244(d)(1)-(2); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is

6

counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and

7

(2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A. Statutory Tolling

Glushko's judgement of sentence was affirmed on March 14, 2011, and because he did not file a petition for review in the Pennsylvania Supreme Court, the judgement became final on April 13, 2011, at the expiration of the thirty-day period to file the petition for review. See Pa. R.App.P. 1113(a). Thus, the clock for filing a §2254 petition began on April 13, 2011, and Petitioner had until April 13, 2012, to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Glushko filed his PCRA petition on March 19, 2012, the AEDPA's filing period was statutorily tolled with approximately twenty-five (25) days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Glushko's PCRA petition was pending until November 19, 2014, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Accordingly, the remaining twenty-five (25) days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas

corpus began on November 19, 2014 and expired on December 15, 2014.[2] The instant petition was not filed until December 29, 2014,[3] fourteen days after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to equitable tolling.

### B. Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is

---

[2] In Glushko's case, December 14, 2014, the last day for filing his petition, fell on Sunday, giving him until Monday, December 15, 2014 to file his federal habeas petition. See Fed.R.Civ.P. 6(a)(3)(computation of the last day of a time period excludes Saturday, Sunday, and legal holidays)

[3] Even if the Court were to consider the date Glushko signed the petition, December 18, 2014, the petition is still untimely by three days.

9

permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D. Pa. 2009) (Caldwell, J.) (citing Jones, 195 F.3d at

159).

In the present matter, Petitioner does not specifically argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument.

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. As such, equitable tolling is inapplicable in this matter.

### III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither

11

statutory nor equitable tolling apply to the petition.

**IV.　Conclusion**

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: November 15, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2469-01.wpd